# Exhibit A

STATE OF RHODE ISLAND                         SUPERIOR COURT
PROVIDENCE, S.C

RILINDA HYSENAJ,

      Plaintiff

v.
                                              C.A. NO.

LIFE CARE CENTERS OF AMERICA, INC. and
CHERRY HILL MANOR
      Defendants

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by RILINDA HYSENAJ (hereinafter also referred to as "Plaintiff" or "HYSENAJ") against LIFE CARE CENTERS OF AMERICS, INC. and CHERRY HILL MANOR (hereinafter also referred to as "Defendants" or "Employer" or "Company"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices based on the Plaintiff's race, color, disability status/perception of disability and in retaliation for the Plaintiff seeking reasonable accommodation and asserting her rights pursuant to the FMLA, in violation of, *inter alia*, The Rhode Island Civil Rights Act, The Rhode Island Fair Employment Practices Act and pursuant to the Court's pendent jurisdiction, the federal Americans with Disabilities Act.

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13 and 8-2-14. All conditions precedent to establishing this Court's jurisdiction over this action have occurred or have been complied with.

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 3 of 26 PageID #: 7

2

2.  Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

3. Venue is proper in the district pursuant to inter alia, R.I.G.L. 9-4-4 because:

a.   The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b.   all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in the city of Johnston, Rhode Island;

c.   the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment,  as a full-time employee of Defendants, in the city of Johnston, Rhode Island, but for the Defendants' unlawful practices.

4.   Plaintiff timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR"), alleging that she had been discriminated against on the basis of her color; race; disability; the Defendants' perception that she was disabled and was the subject of unlawful retaliation.

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in state court, in each of its counts, including requesting Right To Sue Authorization, if necessary, from the pertinent administrative agency(ies). (Attachment A)

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

cv-00635-WES-PAS    Document 1-1    Filed 11/20/18    Page 4 of 26 PageID #: 8

3

## THE PARTIES

6. The Plaintiff, Rilinda Hysenaj ("Hysenaj" or "Plaintiff"), an individual, is a resident of Cumberland, Rhode Island.

7. On information and belief, the Defendant Life Care Centers of America, Inc. is a domestic corporation authorized to do business under the laws of the State of Rhode Island. The Defendant Cherry Hill Manor is a domestic corporation authorized to do business under the laws of the State of Rhode Island, operating and maintaining a principal place of business located at 2 Cherry Hill Road, Johnston, RI, at which Plaintiff worked. The corporation engages in the business of a residential care facility. The Defendants are sufficiently connected in terms of ownership and control to be held jointly and severally liable for the allegations cited in this Complaint.

8. At all times material to the allegations of this Complaint, the Defendants have continuously, and does now, employ at least 30 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Americans with Disabilities Act, Sec. 101(5) of the ADA.

10. At all times material to the allegations of this Complaint, the Defendants were and is an "Employer" or otherwise a covered entity within the meaning of the ADA, as defined in Sec. 101(2) of the ADA, 42 U.S.C. Sec 1211(2); and as applicable in pertinent provisions of Title VII, and also under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 5 of 26 PageID #: 9

4

Rhode Island Fair Employment Practices Act).

11.     At all times material to the allegations of this Complaint, Plaintiff held the status of an "individual" within the pertinent provisions defining that term and qualifies as a person with a disability under 3(2) of the ADA, 42 U.S.C. 12112(a) and also pursuant to Rhode Island law, because she:

a.     has a physical or emotional impairment that substantially limits one or more of her major life activities;

b.     has a record of such an impairment; and/or

c.     is/was regarded by the Defendants as having such an impairment.

## FACTS APPLICABLE TO EACH COUNT

12.     Plaintiff is white, Caucasian.

13.     Plaintiff worked the Defendants for approximately 1 ½ years, compiling an excellent work record.

14.     Plaintiff held the position of Registered Nurse.

15.     During the course of performing her duties, on or about January 21, 2017, Plaintiff was harassed and intimidated by a fellow employee, who is black.

16.     This incident resulted from the Plaintiff stating her concerns over certain patient treatment protocols.

17.     The conduct by this employee indicated that she had an animus towards the Plaintiff because of the Plaintiff's race. This employee publicly accused the Plaintiff of suffering from a mental disability in the form of bipolar disorder an allegation that was without basis.

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 6 of 26 PageID #: 10

5

18.    The Plaintiff reported this misconduct to appropriate authority of the employer. No remedial action was taken.

19.    The Plaintiff suffered retaliation in the workplace for reporting her legitimate and good faith concerns of workplace misconduct.

20.    Due to the incident(s) that occurred in the workplace, Plaintiff felt unsafe and feared additional retaliation. She requested to work on a different shift from the employee who verbally assaulted her and requested that the employer accommodate her by working with her to establish a plan to create a safe working environment.

21.    When no remedial action was taken by the employer and as a result of the workplace treatment suffered by the Plaintiff, Plaintiff was compelled to take a leave of absence for medical treatment on or about January 26, 2017. She filed a Workers' Compensation claim relative to the workplace incident.

22.    She was ultimately replaced in her position on or about May 1, 2017.

23.    The Plaintiff suffers from anxiety, stress and related conditions. These conditions affected one or more of the Plaintiff's major life activities including but not limited to her ability to perform simple daily tasks and sleep. At all times, despite the period Plaintiff was on any approved medical leave(s), Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court cv-00635-WES-PAS    Document 1-1    Filed 11/20/18    Page 7 of 26 PageID #: 11
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

6

24.     The Plaintiff was compelled to apply for FMLA leave, and to seek other reasonable accommodations, as a result of her medical impairments.

25.     Upon reasonable information and belief, the employee who engaged in the misconduct towards Plaintiff is still employed by the Defendants and has suffered no adverse employment action.

26.     The Employer has unfairly prejudiced Plaintiff based on her race, color, disability, its perception that she was disabled and in retaliation for her asserting her FMLA rights, asserting a claim pursuant to the RI Workers' Compensation laws and her complaints of unfair treatment in the workplace.

27.     Plaintiff's race, color, medical impairment(s), and the Employers' perception that she suffer(s) from a chronic impairment(s) were the motivational factors in the Employers' decision to retaliate against the Plaintiff and to terminate her employment.

28.     But for the Defendants' intention to discriminate against Plaintiff on the basis of her race, color, disability and its perception that she was disabled, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, denied reasonable accommodation; retaliated against her or terminated.

29.     The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on race, color, disability and perception of disability.

30.     The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 8 of 26 PageID #: 12

7

Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her race, color, disability and/or their perception that she was disabled.

31.     The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner.

32.     The wrongful actions by Defendants and its agents complained of herein have caused the Plaintiff lost promotional opportunities, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**RHODE ISLAND CIVIL RIGHTS ACT**
**R.I.G.L. SECTION 42-112-1**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Failure to Accommodate**
**Unlawful Termination**

33.     The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

34.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.   interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status/perception of disability; race/color;

b.  depriving her of the status, benefits, privileges, and other terms and conditions

accruing to the employment relationship to which she was entitled;

c.  treating her in a hostile, demeaning, and otherwise unlawful manner based on

disability status/perception of disability; race/color;

d.  causing her lost income, promotional opportunities and benefits, humiliation,

physical and emotional injury, as well as harm to her personal and professional

reputation.

35.   The unlawful practices engaged in by the Defendants were motivated by

impermissible and unlawful considerations concerning Plaintiff's disability/perception she

was disabled; race/color.  Such practices include, but are not limited to, Defendants:

a.) subjecting Plaintiff to discriminatory terms and conditions of

employment because of her disability/perception she was disabled;

race/color;

b.) refusing to afford the Plaintiff reasonable accommodation;

c.) retaliating against Plaintiff for requiring reasonable accommodation;

and

d.) terminating Plaintiff.

36.   But for the Defendants' intent to discriminate against Plaintiff because of

her disability/perception of disability; race/color, Defendants would not have subjected her

to discriminatory terms and conditions of employment, retaliated against Plaintiff, refused

to accommodate Plaintiff or terminated the Plaintiff.

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 10 of 26 PageID #: 14

9

37.    The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability/perception of disability; race/color.  The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

### COUNT II
### AMERICANS WITH DISABILITIES ACT
### ADA-42 U.S.C. SEC. 12117
### Discriminatory Terms and Conditions of Employment
### Retaliation
### Failure to Accommodate
### Unlawful Termination

38.    The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

39.    At all times material to the allegations in this Complaint, Plaintiff was a qualified individual with a disability and the Defendants perceived her as being disabled.

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 11 of 26 PageID #: 15

10

40.     Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation.

41.     The Defendants have engaged in unlawful employment practices in violation of the ADA, sec. 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. sec.12112(a), 12112(b)(1) and 12112(b)(5(B), in addition to other sections.

42.     But for the Defendants' intent to discriminate against the Plaintiff because of her status as a qualified person with a disability, Defendants would not have engaged in the conduct alleged in this Complaint; would not have applied discriminatory terms and conditions of employment to the Plaintiff; retaliated against the Plaintiff; failed to provide the Plaintiff with reasonable accommodation; or terminated her.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
### RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
### R.I.G.L. § 28-5-1 et seq.
#### Discriminatory Terms and Conditions of Employment
#### Retaliation
#### Failure to Accommodate
#### Unlawful Termination

Case Number PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

43.     Paragraphs 1-32 above are herein incorporated by reference in their entirety.

44.     Defendants willfully engaged in a policy or practice of discriminating against employees based on their race, color, and disabilities or who they perceived as having disabilities, including Plaintiff, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

45.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race; color and/or disability/perception of disability;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner;

d.) causing her lost income; lost benefits; lost promotional opportunities and humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

45.     The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's race, color,

Case Number: PC-2018-6685
Filed In Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

CV-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 13 of 26 PageID #: 17

12

disability/perception of disability.   Such practices include, but are not limited to,

Defendants:

> a.) denying Plaintiff raises and other promotional opportunities;
>
> b.) terminating the Plaintiff;
>
> c.) retaliating against Plaintiff for requiring reasonable accommodation;
>
> d.) subjecting Plaintiff to discriminatory terms and conditions of employment
>    based on race; color; disability/perception of disability; and
>
> e.) failing to provide reasonable accommodation to the Plaintiff.

46.     But for the Defendants' intent to discriminate against Plaintiff, Defendants

would not have subjected her to discriminatory terms and conditions of employment,

retaliated against her or terminated her.

47.     The Defendants' conduct has unlawfully deprived Plaintiff of income,

benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which she was entitled; has caused irreparable harm to her

reputation and professional mobility; and has cause her extreme humiliation, as well as

physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants,

jointly and severally, and in favor of Plaintiff for all damages and equitable relief available,

as hereinafter requested.

**COUNT IV**
**RHODE ISLAND PARENTAL AND FAMILY MEDICAL LEAVE ACT**
**R.I.G.L. CH. 28-48-1 ET SEQ.**

48.     The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

49.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. 28-48-1 et seq.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT V**
**FEDERAL FAMILY AND MEDICAL LEAVE ACT of 1993**
**29 U.S.C. 2601 *et seq.***

50.     The allegations in Paragraphs 1-32 are incorporated herein, by reference, in their entirety.

51.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Federal Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.*

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Document 1-1   Filed 11/20/18   Page 15 of 26 PageID #: 19

14

## COUNT VI
## THE RI WHISTLEBLOWERS' PROTECTION ACT
### TITLE 28
### SECTION 28-50-1

52.    The allegation in paragraphs 1-32, above, are incorporated herein by reference, in their entirety.

53. The Defendants' conduct including discharging the Plaintiff was motivated by an intent to discriminate against the Plaintiff and retaliate against her because, *inter alia*, she reported a workplace injury and availed herself of her rights under the RI Workers' compensation laws.

54.    But for the Defendants' intent to retaliate against the Plaintiff because of her actions referenced in the previous paragraph, Defendants would not have retaliated against the Plaintiff, subjected her to discriminatory terms and condition of employment, or terminated her.

55.    Defendants' conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

56.    As a result of Defendants' unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: PC-2018-6885
Filed In Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Document 1-1   Filed 11/20/18   Page 16 of 26 PageID #: 20

15

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of race; color; disability/perception of disability;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damages done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 17 of 26 PageID #: 21

16

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Rilinda Hysenaj,
By Her Attorney,

*/s/ Stephen T. Fanning*

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

17

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 19 of 26 PageID #: 23

18

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Document 1-1   Filed 11/20/18   Page 20 of 26 PageID #: 24

19

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court CV-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 22 of 26 PageID #: 26
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

21

Case Number: PC-2018-6885
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Document 1-1   Filed 11/20/18   Page 23 of 26 PageID #: 27

22

Case Number: PC-2018-6685
Filed in Providence/Bristol County Superior Court
Submitted: 9/17/2018 10:20 AM
Envelope: 1715090
Reviewer: Lynn G.

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 24 of 26 PageID #: 28

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:  **Rilinda Hysenaj**
**1 Blackstone Street**
**Cumberland, RI 02864**

From:  **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16J-2018-00101 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒  Other *(briefly state)*  **Charging Party is pursuing claims in another forum.**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*Feng An, Kenneth*                           JUL 1 8 2018

**Feng K. An,**
**Area Office Director**

Enclosures(s)                                                          *(Date Mailed)*

cc:
**LIFE CARE CENTERS OF AMERICA, INC.**
**2 Cherry Hill Road**
**Johnston, RI 02919**

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

Case 1:18-cv-00635-WES-PAS   Document 1-1   Filed 11/20/18   Page 25 of 26 PageID #: 29

Enclosures(s)

cc:    Lena Morgan, Esq.
       LIFE CARE LEGAL AND RISK SERVICES, LLC
       3001 Keith Street, NW
       Cleveland, TN 37312

STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO.  18 EMD 183-15/22                    EEOC NO.  16J-2018-00101

In the matter of

Relinda Hysenaj
    Complainant

v.                                                          **NOTICE OF RIGHT TO SUE**

Life Care Centers of America, Inc. and Cherry Hill Manor
    Respondent

This NOTICE OF RIGHT TO SUE is issued to the above-cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue.  With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

In the event that the above-cited matter includes allegations against individually-named employees of a respondent employer under the Rhode Island Fair Employment Practices Act, please note that recent Rhode Island Supreme Court decision in Mancini v. City of Providence, 155 A.3d 159 (RI 2017), held that employees of a respondent employer are not individually liable under the Act.  Please consult the decision and/or an attorney to determine how the decision affects this case.  The decision also may be found at: https://www.courts.ri.gov/Courts/SupremeCourt/SupremeOpinions/14-88.pdf

This NOTICE OF RIGHT TO SUE is issued at the complainant's request.  If the complainant intends to sue, S/HE MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE THE RIGHT TO SUE IS LOST.

On Behalf of the Commission

_____6/20/18_____                    _____
Date                                          Michael D. Évora
                                                Executive Director